UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor Bernard Perkins,                                  Civ. No. 23-2487 (PAM/DLM)

                Petitioner,

v.                                                       **MEMORANDUM AND ORDER**

Jared Rardin,

                Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Douglas L. Micko dated September 27, 2023. (Docket No. 5.) The R&R recommends that Petitioner Victor Bernard Perkins's Petition for a Writ of Habeas Corpus be denied and this matter dismissed. Perkins filed both an "Motion for Procedural Order to Show Cause" and a timely objection to the R&R. (Docket Nos. 6, 7.)

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 5.)

First, Perkins's request for an order to show cause is without merit. Perkins contends that the relief he seeks should be granted because the Respondent has not yet responded to his Petition. But the Court has not ordered Respondent to respond to the Petition. Rather, the Court first screened the Petition to determine whether a response was required. Given the Magistrate Judge's conclusion that the Petition must be denied and this matter dismissed, no response from Respondent is necessary. The Motion will be denied.

As the R&R notes, the Petition challenges Perkins's continued civil confinement, initially ordered by the United Stated District Court for the Eastern District of North Carolina.  The R&R concludes that habeas corpus is not the appropriate way for Perkins to raise his challenges, because he has a statutory remedy to do so.  Perkins's Objection claims that the statutory scheme does not give him the opportunity to challenge the legality of his commitment or the duration of that commitment.  He argues that a Judge in the Eastern District of North Carolina allowed him to challenge his commitment via habeas corpus on a different occasion, implying that this Court should do the same.

But this Court is bound by decisions of the Eighth Circuit Court of Appeals.  And that court has determined that a civil detainee challenging his continued detention—whether the length of that detention, the constitutionality of that detention, or matters related to the procedures used to determine whether the detainee should continue to be detained—must use 18 U.S.C. § 4247(h) and not habeas for that challenge.  See Archuleta v. Hedrick, 365 F.3d 644, 647-49 (8th Cir. 2004) (finding civil detainee's challenge to his continued detention could be raised under § 4247(h) and thus habeas corpus was unavailable).  The R&R correctly determined that the Petition must be denied.

Archuleta states that Petitions such as Perkins's should normally be transferred to the district that ordered the civil confinement.  Id. at 649.  The R&R correctly determined, however, that a transfer was not warranted in this case, given the Eastern District of North Carolina's determination not to accept any further pro se filings from Perkins.  (R&R at 4.) Perkins may raise these challenges through his counsel in a § 4247(h) proceeding, but may not pursue habeas corpus in this District.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 5) is **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

3. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   October 12, 2023                                           *s/Paul A. Magnuson*
                                                                                           Paul A. Magnuson
                                                                                           United States District Court Judge